FILED

2013 AUG 23  PM 12: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  STUART F. DELERY
2  Acting Assistant Attorney General
   MAAME EWUSI-MENSAH FRIMPONG
3  Deputy Assistant Attorney General
4  MICHAEL S. BLUME
   Director, Consumer Protection Branch
5  RICHARD GOLDBERG
6  Assistant Director, Consumer Protection Branch
7  ANN F. ENTWISTLE
   Trial Attorney
8  Consumer Protection Branch
9  U.S. Department of Justice
   450 Fifth Street, NW, Suite 6400 South
10 Washington, DC 20530
11 (202) 305-3630 (phone)
   (202) 514-8742 (fax)
12 Ann.F.Entwistle@usdoj.gov
13
14
           **UNITED STATES DISTRICT COURT**
15    **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
16

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. **CV13-06212** -ODW (VBK) |
| v. | **COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER EQUITABLE RELIEF** |
| NATIONAL ATTORNEY COLLECTION SERVICES, INC., a California corporation; NATIONAL ATTORNEY SERVICES LLC, also d/b/a National Attorney Collection Services, also d/b/a N.A.C.S., a California limited liability company; and ARCHIE DONOVAN, individually and as an officer of National Attorney Collection Services, Inc. and National Attorney Services LLC, | |
| Defendants. | |

     Plaintiff, the United States of America, acting upon notification and

authorization to the Attorney General by the Federal Trade Commission ("FTC"),

by its undersigned attorneys, for its Complaint alleges as follows:

1

1.     This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a),  and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, disgorgement of ill-gotten monies, and other equitable relief for violations of the FDCPA and Section 5 of the FTC Act, 15 U.S.C. § 45(a), by National Attorney Collection Services, Inc.; National Attorney Services LLC; and Archie Donovan (collectively, "Defendants").

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1345, and 1355, and under 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(b) and 1692*l*.

3.     Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391(b)(1)-(3), (c)(1)-(2), and (d), 1395(a), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.     This action is brought by the United States of America on behalf of the Federal Trade Commission.  The FTC is an independent agency of the United States Government created by statute.   15 U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.  The FTC also enforces the FDCPA, 15 U.S.C. §§ 1692-1692p, which prohibits abusive, deceptive, and unfair debt collection practices and imposes duties upon debt collectors.

## DEFENDANTS

5.     Defendant National Attorney Collection Services, Inc. ("NACS") is a California corporation with its principal place of business located at 700 N. Brand Blvd., 2nd Floor, Glendale, California 91203.  At all times relevant to this

2

1   Complaint, NACS has transacted business in this district and throughout the
2   United States.  NACS is a "debt collector" as defined in Section 803(6) of the
3   FDCPA, 15 U.S.C. § 1692a(6).
4          6.     Defendant National Attorney Services LLC, also d/b/a National
5   Attorney Collection Services, also d/b/a N.A.C.S. ("NAS"), is a California limited
6   liability company with a mailing address at 2155 Verdugo Boulevard, Suite 411,
7   Montrose, California 91020.  At all times relevant to this Complaint, NAS has
8   transacted business in this district and throughout the United States.  NAS is a
9   "debt collector" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).
10         7.     Defendant Archie Donovan ("Donovan") is the Chief Executive
11  Officer and sole officer of NACS and NAS.   At all times material to this
12  Complaint, acting alone or in concert with others, he has formulated, directed,
13  controlled, had the authority to control, or participated in the acts and practices of
14  NACS and NAS, including the acts and practices set forth in this Complaint.
15  Donovan resides in this district and, in connection with the matters alleged herein,
16  transacts or has transacted business in this district and throughout the United
17  States.
18         8.     Defendants NACS and NAS (collectively, "Corporate Defendants")
19  operate as a common enterprise while engaging in the deceptive acts and practices
20  and other violations of law alleged below.  At all times material to this Complaint,
21  Defendants have conducted the business practices described below through two
22  indistinguishable companies that commingle funds and have common
23  management, business functions, employees, and office locations.  Because these
24  Corporate Defendants operate as a common enterprise, each of them is jointly and
25  severally liable for the acts and practices alleged below.  Defendant Archie
26  Donovan has formulated, directed, controlled, had the authority to control, or
27
28

1   participated in the acts and practices of the Corporate Defendants that constitute

2   the common enterprise.

3                                    **COMMERCE**

4          9.     At all times material to this Complaint, Defendants have maintained a

5   substantial course of trade in or affecting commerce, as "commerce" is defined in

6   Section 4 of the FTC Act, 15 U.S.C. § 44.

7                       **DEFENDANTS' BUSINESS ACTIVITIES**

8          10.    The term "consumer," as used in this Complaint, means any natural

9   person obligated or allegedly obligated to pay any debt, as "debt" is defined in

10  Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11         11.    The term "location information," as used in this Complaint means a

12  consumer's place of abode and the consumer's telephone number at such place, or

13  the consumer's place of employment, as defined in Section 803(7) of the FDCPA,

14  15 U.S.C. § 1692a(7).

15         12.    From their offices in California, Defendants engage in consumer debt

16  collection activities throughout the United States.

17         13.    Defendants regularly attempt to collect debts by contacting consumers

18  by telephone, U.S. mail, text messages to mobile phones, and other

19  instrumentalities of interstate commerce.

20         14.    Defendants' clients are largely comprised of payday loan companies

21  and businesses that provide credit and financing options to Spanish-speaking

22  consumers.

23         15.    Defendants have engaged in deceptive and unfair practices in almost

24  every facet of their dealings with these consumers.  In their collection efforts,

25  Defendants have frequently and unlawfully:  (1) falsely represented or implied that

26  Defendants or their collectors are attorneys; (2) threatened legal action, arrest,

27  imprisonment, or garnishment; (3) failed to provide required disclosures in text

28  messages directed to alleged debtors; (4) communicated with third parties,

                                          4

1   including co-workers and employers, for purposes other than obtaining location

2   information of the debtor; (5) refused to provide their business address or

3   validation letters to consumers, thereby depriving consumers of the right to send

4   cease-and-desist letters or to dispute alleged debts; and (6) used unlawful symbols

5   on envelopes sent to alleged debtors.

6                    **Defendants' Misrepresentations to Consumers**

7           16.    NACS and NAS use business names that falsely represent or imply

8   that they are law firms or employ attorneys or other legal staff that contact persons

9   to collect debts.  When contacting persons to collect debts, Defendants identify

10  themselves as "National Attorney Services," "National Attorney Service,"

11  "National Attorneys," "National Attorney," or "Abogados Nacionales."

12          17.    Defendants frequently do not identify themselves as debt collectors

13  or, in initial communications, tell consumers that any information obtained will be

14  used to collect a debt.

15          18.    In numerous instances, when contacting persons to collect debts,

16  Defendants falsely represent or imply that they are calling from a law firm or from

17  the "collections department" of a law firm.  In addition, Defendants' collectors

18  frequently identify themselves as or imply that they are attorneys, paralegals, or

19  legal assistants.

20          19.    In fact, NACS and NAS are third-party debt collectors, not law firms,

21  and neither Donovan nor the collectors calling consumers are attorneys, paralegals,

22  or legal assistants.

23          20.    Against this backdrop of misrepresentations, in numerous instances,

24  when Defendants contact persons to collect debts, Defendants threaten to take legal

25  action against consumers–including litigation, arrest, and garnishment–without the

26  intention or ability to take that action.  For example, in numerous instances,

27  Defendants represent to consumers that there is a pending legal action against them

28  that can be stopped only by immediate payment on a debt, that the company will

5

1  initiate a lawsuit unless the consumer makes an immediate payment on a debt, that
2  the company will send the marshal or sheriff to the consumers' homes to serve
3  them with legal process, or that attorneys work right "down the hall" or "across the
4  hall."

5        21.    In numerous instances, when Defendants contact persons to collect
6  debts, Defendants threaten to garnish consumers' wages and represent to
7  consumers that the amount of the garnishment will include hundreds or thousands
8  of dollars in attorneys' fees and court costs.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Defendants' Unlawful Text Messages**

22.    In numerous instances, Defendants send the following text message to consumers' mobile phones, with individualized information in the bracketed fields, in an attempt to collect debts:

> [LAST NAME], [FIRST NAME], It is URGENT for you to call National Attorney Service regarding a very sensitive matter. [PHONE NUMBER WITH EXTENSION] Case # [CASE NUMBER]

23.    A second version of the text message is substantially similar to the statement in Paragraph 22, but also includes a statement in Spanish:

> [LAST NAME], [FIRST NAME], URGENT to call National Attorney Service regarding a sensitive matter. Llame por un asunto muy delicado al [PHONE NUMBER WITH EXTENSION] Case # [CASE NUMBER]

24.    In numerous instances in which a text message is the initial communication with a consumer, the text message contains no information indicating that the sender is a debt collector or that any information obtained will be used to collect on debts.

25.    In numerous instances in which a text message is not the initial communication with a consumer, the text message does not indicate that the sender is a debt collector.

**Defendants' Unlawful Contacts with Third Parties**

26.    In numerous instances, Defendants send text messages to the mobile phones of third parties, including to friends, family members, or co-workers of the putative debtor. In many cases, Defendants send text messages to the mobile phones of individuals that have no connection to the putative debtor. These text messages contain the name of a putative debtor and the message described in paragraph 22 or the message described in paragraph 23.

1    27.    In addition, in numerous instances, Defendants' collectors have

2    telephonic conversations with third parties.  In some cases, Defendants initiate

3    these calls; in other cases, third parties initiate the calls in response to receiving a

4    text message from Defendants.

5    28.    In numerous instances, Defendants represent to third parties that

6    Corporate Defendants are law firms, and that they will sue the putative debtor if

7    the debt is not paid.  In some instances, Defendants' collectors represent to third

8    parties that the putative debtor has committed fraud.  And in some cases,

9    Defendants' collectors represent to third parties that the third parties may be

10   brought into court if the putative debtor does not make a payment.

11   29.    In numerous instances, despite repeated requests, Defendants refuse to

12   cease communication with third parties.  In many cases, Defendants tell consumers

13   and third parties that the contacts with third parties will not stop until the debt is

14   paid.

15                **Defendants' Failure to Provide Essential Information to Consumers**

16   30.    In numerous instances, Defendants fail to provide consumers with a

17   written communication, as required by the FDCPA within five days of its initial

18   communication with a debtor, that contains the amount of the debt, the name of the

19   creditor, and information about the consumer's right to dispute the debt.

20   31.    In numerous instances, Defendants refuse to provide consumers with a

21   valid mailing address for the company, which is necessary for consumers to

22   exercise their rights under the FDCPA to make a cease-and-desist request or to

23   dispute the validity of a debt.  In numerous instances, Defendants refuse to provide

24   consumers with this information despite consumer's repeated requests.

25                          **Unfair Written Communications**

26   32.    In some instances, Defendants send consumers written

27   correspondence about alleged debts.

28

8

33. Defendants generally send this correspondence, which does not include information about the consumer's right to dispute the debt, long after Defendants' initial contact with the consumer.

34. In some instances, Defendants use the following unlawful envelope to send written correspondence about alleged debts to consumers:



## VIOLATIONS OF THE FTC ACT

35. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

36. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### COUNT I

Misrepresentations That Defendants Are Law Firms That Sue Consumers

37. In numerous instances, in connection with the collection of debts, Defendants directly or indirectly represent to consumers, expressly or by implication, that:

    a. Corporate Defendants are law firms; their collectors are attorneys, paralegals, legal assistants or work closely with legal professionals; or that their text messages to mobile phones are sent from or on behalf of attorneys;

9

b. Defendants will sue consumers unless they promptly make payment on a debt; or

c. Nonpayment of a debt will result in the arrest or imprisonment of the alleged debtor, or seizure, garnishment, attachment, or sale of the alleged debtor's property or wages.

38.   In truth and in fact, in numerous instances:

a. Corporate Defendants are not law firms; their collectors are not attorneys, paralegals, legal assistants, and do not work closely with legal professionals; and their text messages are not sent from or on behalf of attorneys;

b. Defendants have not sued or caused to be sued the consumers they threatened to sue; and

c. Nonpayment of a debt has not resulted in the arrest or imprisonment of the alleged debtor, or seizure, garnishment, attachment or sale of the alleged debtor's property or wages.

39.   Therefore, Defendants' representations as alleged in Paragraph 37 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FDCPA

40.   In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Under Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act. Further, the FTC is authorized to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA. The authority of the FTC in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule.

1

**COUNT II**

2

Unlawful Communications with Third Parties

3      41.    In numerous instances, in connection with the collection of debts,

4 Defendants communicate with third parties for purposes other than acquiring

5 location information about a consumer, without having obtained directly the prior

6 consent of the consumer or the express permission of a court of competent

7 jurisdiction, and when not reasonably necessary to effectuate a post judgment

8 judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C.

9 § 1692c(b).

10

**COUNT III**

11

False or Deceptive Representations to Consumers

12     42.    In numerous instances, in connection with the collection of debts,

13 Defendants directly or indirectly use false, deceptive, or misleading representations

14 or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including,

15 but not limited to:

16         a. Falsely representing or implying that NACS or NAS is a law firm;

17            that their collectors are attorneys, paralegals, legal assistants, or work

18            closely with legal professionals; or that their written communications

19            are sent by or on behalf of an attorney, in violation of Section 807(3)

20            of the FDCPA, 15 U.S.C. § 1692e(3);

21         b. Falsely representing or implying that nonpayment of a debt will result

22            in the arrest or imprisonment of a person or seizure, garnishment, or

23            attachment of a person's property or wages, when such action is not

24            lawful or when Defendants have no intention of taking such action, in

25            violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

26         c. Threatening to take action that Defendants do not intend to take, such

27            as filing a lawsuit, in violation of Section 807(5) of the FDCPA, 15

28            U.S.C. § 1692e(5); or

11

1          d.  Failing to disclose in the initial communication with a consumer that

2                Defendants are debt collectors attempting to collect a debt and that

3                any information obtained will be used for that purpose, and failing to

4                disclose in subsequent communications that the communication is

5                from a debt collector, in violation of Section 807(11) of the FDCPA,

6                15 U.S.C. § 1692e(11).

7                        **COUNT IV**

8                  Unfair Means to Collect Debts

9         43.    In numerous instances, in connection with the collection of debts,

10  Defendants use unfair means to collect or attempt to collect any debt, including,

11  but not limited to:

12         a.  Failing to provide their corporate address upon request from

13                consumers, in violation of Section 808 of the FDCPA, 15 U.S.C.

14                § 1692f; or

15         b.  Using a business name indicating that Defendants are in the debt

16                collection business and symbols other than the Defendants' address on

17                envelopes sent to consumers, in violation of Section 808(8) of the

18                FDCPA, 15 U.S.C. § 1692f(8).

19                        **COUNT V**

20  Failure to Provide Information in Initial Communication or in Written Notice

21       44.    In numerous instances, in connection with the collection of debts,

22  Defendants fail to provide consumers, either in an initial communication or a

23  written notice sent within five days after the initial communication, with

24  information about the debt and the right to dispute the debt, in violation of Section

25  809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

26                     **CONSUMER INJURY**

27       45.    Consumers have suffered and will continue to suffer substantial injury

28  as a result of Defendants' violations of the FTC Act and the FDCPA.  In addition,

1  Defendants have been unjustly enriched as a result of their unlawful acts or
2  practices.  Absent injunctive relief by this Court, Defendants are likely to continue
3  to injure consumers, reap unjust enrichment, and harm the public interest.

4  **INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND FDCPA**

5      46.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court
6  to grant a permanent injunction to ensure that Defendants will not continue to
7  violate the FTC Act and the FDCPA.

8  **EQUITABLE RELIEF FOR VIOLATIONS OF**
9  **THE FTC ACT AND FDCPA**

10      47.    Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is
11  authorized to award ancillary relief, including rescission or reformation of
12  contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten
13  monies, to prevent and remedy any violation of any provision of law enforced by
14  the FTC.

15  **CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA**

16      48.    Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), and
17  Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*, authorize the Court to award
18  monetary civil penalties for violations of the FDCPA when such violations were
19  committed with actual knowledge or knowledge fairly implied on the basis of
20  objective circumstances as set forth in Section 5(m)(1)(A) of the FTC Act, 15
21  U.S.C. § 45(m)(1)(A).  Defendants' violations of the FDCPA, as described above,
22  were made with actual knowledge or knowledge fairly implied on the basis of
23  objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15
24  U.S.C. § 45(m)(1)(A).  As specified by the Federal Civil Penalty Inflation
25  Adjustment Act of 1990, 28 U.S.C. § 2861, as amended, the Court is authorized to
26  award a penalty of not more than $11,000 for each violation of the FDCPA before
27  February 10, 2009, and not more than $16,000 for each violation of the FDCPA
28  after that time.

49.     Each instance in which Defendants have failed to comply with the
FDCPA in one or more of the ways described above constitutes a separate
violation of the FDCPA for the purpose of assessing monetary civil penalties.
Plaintiff seeks monetary civil penalties for every separate violation of the FDCPA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, the United States of America, pursuant to 15 U.S.C.
§§ 45(m)(1)(A), 53(b), and 1692*l*, and the Court's own equitable powers, requests
that the Court:

A.     Enter a permanent injunction to prevent future violations of the FTC
Act and the FDCPA by Defendants;

B.     Award such relief as the Court finds necessary to redress injury to
consumers resulting from Defendants' violations of the FTC Act and the FDCPA,
including but not limited to, rescission or reformation of contracts, restitution, the
refund of monies paid, and the disgorgement of ill-gotten monies;

C.     Award Plaintiff monetary civil penalties for each violation of the
FDCPA as alleged in this Complaint; and

D.     Award Plaintiff the costs of bringing this action, as well as such other
and additional relief as the Court may determine to be just and proper.

Dated: _August 23_, 2013

Respectfully submitted,

14

1  **OF COUNSEL:**

2  JAMES REILLY DOLAN
   Acting Associate Director

3

4  Rebecca M. Unruh
   Colin Hector
   Peter Lamberton

5  Attorneys
   Division of Financial Practices

6  Federal Trade Commission
   600 Pennsylvania Avenue, N.W.

7  Mail Drop NJ-3158
   Washington, DC  20580

8  runruh@ftc.gov  (Unruh)
   P: (202) 326-3565 (Unruh)

9  F: (202) 326-3629

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE UNITED STATES OF AMERICA:**

STUART F. DELERY
Assistant Attorney General
MAAME EWUSI-MENSAH
FRIMPONG
Deputy Assistant Attorney General
MICHAEL S. BLUME
Director, Consumer Protection Branch
RICHARD GOLDBERG
Assistant Director, Consumer
Protection Branch

_____
ANN F. ENTWISTLE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
(202) 305-3630 (phone)
(202) 514-8742 (fax)
Ann.F.Entwistle@usdoj.gov

15

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Otis D. Wright II _____ and the assigned Magistrate Judge is _____ Victor B. Kenton _____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-6212-ODW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ August 23, 2013 _____
Date

By  MDAVIS _____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

United States of America

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

National Attorney Collection Services, Inc.; National Attorney Services LLC, also d/b/a National Attorney Collection Services, also d/b/a N.A.C.S.; and Archie Donovan

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ann Entwistle, U.S. Dept. of Justice
PO Box 386
Washington, D.C. 20044
202-305-3630

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Barry J. Cutler, Baker Hostetler
1050 Connecticut Avenue, N.W., Suite 1100
202-861-1572

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a), 45(m)(1)(A), 53(b), and 56(a) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13-06212

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

CV-71 (02/13)        CIVIL COVER SHEET        Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☒ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to Item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to Item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _~~signature~~_    DATE:  August 23, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |