STUART F. DELERY
Acting Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
MICHAEL S. BLUME
Director, Consumer Protection Branch
RICHARD GOLDBERG
Assistant Director, Consumer Protection Branch
ANN F. ENTWISTLE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 Fifth Street, NW, Suite 6400 South
Washington, DC 20530
(202) 305-3630 (phone)
(202) 514-8742 (fax)
Ann.F.Entwistle@usdoj.gov

JS-6

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ATTORNEY COLLECTION SERVICES, INC., a California corporation; NATIONAL ATTORNEY SERVICES LLC, also d/b/a National Attorney Collection Services, also d/b/a N.A.C.S., a California limited liability company; and ARCHIE DONOVAN , individually and as an officer of National Attorney Collection Services, Inc.,<br><br>Defendants. | CV 13-6212-ODW(VBKx)<br><br>**ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint to obtain a permanent injunction, civil penalties, and other equitable relief in this matter, pursuant to Sections 13(b) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§

53(b) and 56(a), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692*l*.  Defendants National Attorney Collection Services, Inc. ("NACS"); National Attorney Services LLC, also d/b/a National Attorney Collection Services, also d/b/a N.A.C.S.; and Archie Donovan ("Donovan") have waived service of the summons and Complaint.  The parties, represented by the counsel identified below, have agreed to this settlement of this action, without adjudication of any issue of fact or law, to resolve all matters in dispute in this action between them by stipulation to this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order").

     **THEREFORE**, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

**FINDINGS**

1.    This Court has jurisdiction over this matter.

2.    The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and the FDCPA, 15 U.S.C. §§ 1692-1692p.

3.    Venue in this district is proper under 28 U.S.C. §§ 1391(b)(1)-(3), (c)(1)-(2), and (d), 1395(a), and 15 U.S.C. § 53(b).

4.    The activities of Defendants are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.    Defendants have entered into this Order freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order and, only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

7.     All parties waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order.  Defendants further waive and release any claim they may have against the Commission and Plaintiff, and their employees, representatives, or agents.

8.     Defendants agree that this Order does not entitle them to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 100 Stat. 847, 863-64 (1996), and further waive any right to attorneys' fees that may arise under said provision of law.

9.     Entry of this Order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.      "Corporate Defendants" means National Attorney Collection Services, Inc.; National Attorney Services LLC, also d/b/a National Attorney Collection Services, also d/b/a N.A.C.S.; and their successors and assigns.

2.     "Individual Defendant" means Archie Donovan.

3.     "Defendants" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

4.     "Plaintiff" means the United States of America.

5.     "Commission" means the Federal Trade Commission.

6.     "Debtor," for purposes of this Order, means any person obligated or allegedly obligated to pay any debt, as well as that person's spouse, parent (if the debtor is a minor), guardian, executor, or administrator.

7.     "Clearly and prominently" shall mean:

     A.     In textual communications (*e.g.*, printed publications or words displayed on the screen of an electronic device), the required disclosures are of a type, size, and location sufficiently noticeable for an ordinary consumer to read

3

and comprehend them, in print that contrasts with the background on which they appear;

        B.     In communications disseminated orally or through audible means (*e.g.*, telephone calls or voicemails), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them.

        C.     In all instances, the required disclosures are presented in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication of them.

6.    "Express consent" shall mean that prior to sending a text message to a consumer's mobile telephone: (i) the Defendants or their creditors shall have clearly and prominently disclosed that the debtor may receive collection text messages on mobile phone numbers provided to the original creditor or to Defendants in connection with the transaction that is the subject of the text message; and (ii) the individual has taken an additional affirmative step, including a signature or electronic signature, that indicates their agreement to receive such contacts.

**I.    MONETARY JUDGMENT FOR CIVIL PENALTY**

        **IT IS FURTHER ORDERED** that:

        A.     Judgment in the amount of One Million Dollars ($1,000,000) is entered in favor of Plaintiff and against Defendants NACS, NAS, and Archie Donovan, jointly and severally, as a civil penalty.

        B.     Defendants shall make the payment required by this Section within seven (7) days following entry of this Order. Such payment shall be made by electronic fund transfer in accordance with procedures specified by a representative of the Plaintiff.

        C.     In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with

interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

      D.     Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

      E.     The facts as alleged in the Complaint filed in this action shall be taken as true without further proof, only in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

      F.     Defendants further stipulate and agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to Section 523(a)(7).

      G.     Defendants acknowledge that their taxpayer identifying numbers and/or social security numbers, which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## II.   INJUNCTION AGAINST UNLAWFUL COLLECTION PRACTICES

      **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from:

      A.     Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including but not limited to:

            1.   Falsely representing or implying that Defendants are law firms, that its collectors are attorneys, paralegals, legal assistants, or work closely

with legal professionals, or that communications from Defendants are sent from or on behalf of attorneys;

2.  Threatening to take any action that cannot legally be taken or that is not intended to be taken;

3.  Falsely representing or implying that nonpayment of a debt will result in the arrest or imprisonment of a person or seizure, garnishment, or attachment of a person's property or wages, when such action is not lawful or when Defendants do not have the authority or intention of taking such action; and

4.  Failing to disclose in the initial communication with a consumer (including in text messages) that Defendants are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose, or failing to disclose in subsequent communications (including in text messages) that the communication is from a debt collector;

B.  Using any unfair means to collect or attempt to collect any debt, including, but not limited to:

1.  Failing to provide consumers with an accurate corporate mailing address upon request; and

2.  On envelopes, using a business name indicating that Defendants are in the debt collection business or using language or symbols, other than the Defendant's address or business name;

C.  Communicating, except when seeking to acquire location information in compliance with Section 804 of the FDCPA, 15 U.S.C. § 1692b, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in connection with the collection of a debt, unless Defendants have the prior consent of the debtor given directly to Defendants or the

express permission of a court of competent jurisdiction, or Defendants can show that such communication is reasonably necessary to effectuate a postjudgment judicial remedy;

D.  Failing to provide consumers, either in an initial communication or a written notice sent within five days after the initial communication, with information about the debt and the right to dispute all or part of the debt, in violation of  Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a);

E.  Violating any provision of the FDCPA, 15 U.S.C. § 1692-1692p (a copy of which is attached hereto as Attachment A), including, but not limited to: (1) Section 805(b), 15 U.S.C. § 1692c(b); (2) Section 807, 15 U.S.C. § 1692e; (3) Section 808, 15 U.S.C. § 1692f; and (4) Section 809(a), 15 U.S.C. § 1692g(a).

**III.   INJUNCTION REGARDING USE OF TEXT MESSAGES**

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from sending text messages to consumers' mobile phones unless the consumer has provided prior express consent, as defined herein, to receive debt collection text messages on mobile phones.

**IV.   INJUNCTION AGAINST USE OF CERTAIN BUSINESS NAMES IN COMMUNICATIONS WITH CONSUMERS**

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from:

A.      Using, in communications with consumers, the business names "National Attorney Service(s)," "National Attorney(s)," or "National Attorney Collection Service(s)" and

B.      Using, in communications with consumers, any business name containing the words "Attorney(s)," "Legal," "Law," or any other word representing or implying that Corporate Defendants are law firms or collect debts on behalf of attorneys.

## V.   NOTICE REQUIREMENTS

**IT IS FURTHER ORDERED** that:

A.      For a period of 5 years from the date of entry of this Order, Defendants, whether acting directly or indirectly, shall make the following disclosure clearly and conspicuously on each written collection communication, excluding text messages to mobile phones, sent to a debtor for the purpose of collecting a debt:

> Federal and state law prohibits certain methods of debt collection and requires that we treat you fairly.   You can stop us from contacting you by writing us a letter that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there will not be any more contact or that we intend to take a specific action.

> If you have a complaint about the way we are collecting this debt, please write to our CONTACT CENTER, [current physical address], email us at [current email address], or call us toll-free at [current phone number] between 9:00 A.M. Pacific Time and 5:00 P.M. Pacific Time Monday - Friday.

> The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA).  If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580.

The above disclosure shall be given in in both English and Spanish, unless the communication is written in any other language, in which case the disclosure shall be given in that language and in English.  The Spanish version that shall be given is attached hereto as Attachment B.

B.    Defendants, whether acting directly or indirectly, shall provide a written (electronic or paper) copy of the following notice to all officers, servants, agents, and employees having responsibility with respect to the collection of debts, within thirty (30) days of the date of entry of this Order, and to each employee hired for a period of five (5) years after that date, no later than the time the employee assumes responsibility with respect to the collection of such debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging that he or she has read the notice:

> Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers.
>
> Section 804 of the Act says that, when contacting someone to acquire location information about the debtor, you may not state that the debtor owes a debt.  You also may not contact this person more than once unless the person asks you to or unless you reasonably believe the person's earlier response was wrong or incomplete and that the person now has correct or complete location information to provide to you.
>
> Section 805 of the Act says that, in connection with the collection of a debt, you may not communicate with any person other than the debtor for a purpose other than to obtain location information about the debtor.  This means that you may not reveal the existence of a debt to anyone other than (1) the person who allegedly owes the debt or (2) the debtor's spouse, parent (if the debtor is a minor), guardian, executor, or administrator.

Section 807 of the Act prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information about a debtor.  Among other things, this includes:  (1) falsely representing or implying that any individual is an attorney or that any communication is from an attorney; (2) representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale or any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; (3) threatening to take any action that cannot legally be taken or that is not intended to be taken; or (4) failing to disclose in an initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, except with respect to a formal pleading made in connection with a legal action.

Section 808 of the Act prohibits the use of any unfair or unconscionable means to collect or attempt to collect any debt. Among other things, this includes:  (1) upon request, failing to provide a valid mailing address for consumers to request validation of the debt, dispute the debt, or to request that the collector cease communications with the consumer, and (2) using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use its business name if such name does not indicate that it is in the debt collection business.

Section 809 of the Act requires that collectors must provide an initial written notice containing certain information within five days after the initial communication with a consumer in connection with the collection of any debt, unless this information is contained in the initial communication or the consumer has paid the debt. The information that must be contained in the notice includes, among other things, the amount of the debt, the name of the creditor to whom the debt is owed, and information pertaining to the consumer's right to dispute the debt.

10

**Both this company and individual debt collectors are liable for their violations of the Act, and they both may be required to pay penalties to the government if they violate it.  In addition, individual debt collectors may face disciplinary action by this company, including termination, for violations of the Act.**

***Provided that***, for purposes of compliance with Part V.B of this Order, the signature required for the employee's statement that he or she has read the notice may be in the form of an electronic signature.

## VI.    ORDER AND FDCPA ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order and the FDCPA (attached hereto as Attachment A) and as it may hereafter be amended:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order and the FDCPA to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in collecting or attempting to collect debts; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their debt collection responsibilities.

C.    From each individual or entity to which a Defendant delivered a copy of this Order and the FDCPA, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order and the FDCPA.

**VII.  COMPLIANCE REPORTING**

       **IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

       A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

              1.   Each Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

              2.   Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 15 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in:  (a) any designated point of contact or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to

DEbrief@ftc.gov or sent by overnight courier ( not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. National Attorney Collection Services, Inc.*, No. 1223032.

## VIII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants, in connection with debt collection activities, and each Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A.   Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.   Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.   Consumer files containing the names, addresses, phone numbers, dollar amounts of debt owed, records of collection activity, and amounts collected;

D.   For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

1.   Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

2.   The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any

investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer; Defendants' response to the complaint and the response date; whether the complaint was resolved; the date of resolution; and any action taken to correct the conduct complained about.

E.     Copies of all scripts and other training materials related to the collection of debts;

F.     Copies of all advertisements and other marketing materials;

G.     Tape recordings of at least ninety (90) percent of all telephone calls between Defendants and anyone they contact in collecting or attempting to collect a debt, provided that Defendants must commence making such recordings no later than one (1) year after the date of this Order and must maintain these recording for 90 days after they are made; and

H.     All records and documents necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## IX.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant.  Defendants must permit

representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

       C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**X.**    **RETENTION OF JURISDICTION**

       **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

       **SO ORDERED this 25th day of October 2013.**

                                _____

                                  UNITED STATES DISTRICT JUDGE

**STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**THE UNITED STATES OF AMERICA**
STUART F. DELERY
Assistant Attorney General, Civil Division
U.S. DEPARTMENT OF JUSTICE

STUART F. DELERY
Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
MICHAEL S. BLUME
Director, Consumer Protection Branch
RICHARD GOLDBERG
Assistant Director, Consumer Protection Branch


 _s/ Ann F. Entwistle_____
ANN F. ENTWISTLE
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
(202) 305-3630 (phone)
(202) 514-8742 (fax)
Ann.F.Entwistle@usdoj.gov

17

**FOR THE FEDERAL TRADE
COMMISSION:**

 s/ James Reilly Dolan_____
JAMES REILLY DOLAN
Acting Associate Director for Financial Practices

REBECCA M. UNRUH
COLIN HECTOR
PETER LAMBERTON
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop NJ-3158
Washington, DC 20580
Phone: 202-326-3565
Fax:  202-326-3629
runruh@ftc.gov

Date: _____

**FOR DEFENDANT NATIONAL ATTORNEY
COLLECTION SERVICES, INC.:**

By:   _s/ Archie Donovan_____
Archie Donovan for National Attorney Collection
Services, Inc.

Date: __7/10/13_____

**FOR DEFENDANT NATIONAL ATTORNEY
SERVICES LLC:**

By:  _s/ Archie Donovan_____
Archie Donovan for National Attorney Services
LLC

Date: __7/10/13_____

18

**FOR DEFENDANT ARCHIE DONOVAN:**

__s/ Archie Donovan_____
ARCHIE DONOVAN

Date: __7/10/13 _ _____


**COUNSEL FOR DEFENDANTS NATIONAL ATTORNEY COLLECTION SERVICES, INC.; NATIONAL ATTORNEY SERVICES LLC; AND ARCHIE DONOVAN:**

_s/ Barry J. Cutler_____
Barry J. Cutler, Esq.
BakerHostetler
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C.  20036-5304
Phone: 202-861-1572
Fax: 202-861-1783
bcutler@bakerlaw.com

Date: _7/11/2013_____